STATE OF VERMONT v. BERMAH E. PERKINS.

*Indictment. Illegal Voting.*

A person voting for representative to the General Assembly in two towns on the same day is guilty of voting for the *same officer* in two towns, under section 70, chapter 1 of the General Statutes, although one person voted for was to be a representative of one town and the other person a representative of the other town; and whether the first vote was legal or not, and whether his action was attributable to corruption or only to ignorance.

INDICTMENT, for voting for town representative in two towns on the same day. Plea, not guilty. The case was tried by the court, PECK, J., presiding, at the September term, 1868, upon an agreed statement of facts. The court found the respondent guilty, to which the respondent excepted.

The following is the agreed statement :

" The respondent became twenty-one years of age during the winter of 1867, and had always before that time resided with his father at Plainfield, Washington County, Vermont ; that in March, 1867, he went to Montpelier to work at his trade, which was that

of a joiner, and took his tools and clothing with him ; that he continued to work at Montpelier till the last of May, at which time
he quit work there and went to work at Barre, taking his tools
and clothing with him, and continued to work at Barre till the
September election in 1867 ; that the respondent never has resided
at Plainfield since that time ; that the respondent's father resided
at Plainfield aforesaid, till after the September election in 1867,
and before the day of election sent for the respondent to come
home on the day of election to vote ; that accordingly, on the
first Tuesday of September 1867, the respondent voted at Plainfield aforesaid, for a person for town representative, and no objection was made by any person there or voter, that he was not
legally entitled to vote ; that after the election of the representative at Plainfield, the respondent returned to Barre the same day,
and at the time of his return no person had been elected at Barre
for town representative ; that the respondent upon his return was
asked if he was not a legal voter and entitled to vote for some
person to represent the town of Barre ; that the respondent told
them that he supposed he was not a voter at Barre, but he did not
pretend to know himself whether he was or not, as he never had
voted at any preceding election, and had made no inquiry about
the *place* where he had a right to vote, of any person who was
well informed upon that subject ; that he told them the truth in
relation to all questions that were asked him about his place of
residence and length of time he had stopped in different towns,
and also told the persons and voters there, whom he was talking
with, that he had that same day voted for a person for town representative at Plainfield, one Levi Bartlett ; that some of the
voters at Barre insisted that the respondent had made a mistake
as to the town in which he was entitled to vote—that he was entitled to vote for that officer at Barre instead of Plainfield, and
urged him to vote for some person for town representative at
Barre, and told him that no one could hurt him ; that the respondent presented a vote for a person for town representative to the
proper officer to receive the same at Barre, and his vote was challenged, and thereupon the respondent went before the town authority of Barre, who are by law to decide the right of persons to vote
at such elections, and told such town authority the truth in relation
to all questions asked of him about his residence, and the length
of time he had stopped in different towns the year before, and also
told such town authority that he had voted for a person for town
representative to represent the town of Plainfield, that same day,
and did not wish to vote at Barre for that officer unless he had a
right to do so ; that the town authority, after considering the same,

decided that the respondent was entitled to vote for some person for town representative for the town of Barre, and that thereupon the respondent voted for a person for town representative at Barre the same day, one Frank Stafford, supposing at the time that he had made a mistake as to the town where he had a right to vote for that officer when he voted at Plainfield, and that he had a lawful right to vote at Barre.

" All of the foregoing, which would not be legal evidence on the trial of the case, is excluded by this agreement.

" It is further agreed, that when the respondent left Plainfield in March aforesaid, he went with the intention of stopping where he could get work, and when he had finished his job, of going to any other town where he could find employment."

*S. C. Shurtleff* and *Chas. H. Heath*, for the respondent.

By the agreed statement of facts the respondent should not have been found guilty—because: 1. That the respondent acted in *good faith*, and in no way attempted to conceal the truth about his residence, and also acted upon his best information at the time. 2. That he was a legal voter at Barre, and committed no crime in voting there; the decision of the town authority of Barre was correct. *Putnam* v. *Johnson*, 10 Mass., 487. 3. That if the respondent committed any crime at all, it was when he voted at Plainfield, and he should have been indicted under section 66 of chapter 1 of the General Statutes.

*M. E. Smilie*, state's attorney, for the state.

The opinion of the court was delivered by

STEELE, J. I. Section 70, chapter 1 of the General Statutes, provides as follows: "If any person shall on the same day vote in more towns than one for the same officers, he shall forfeit a sum not exceeding one hundred dollars." The respondent, on the same day, voted in two towns for representative to the general assembly. On his behalf, it is urged that he did not vote in both towns for the same officer, because one was to represent Barre and the other Plainfield, and that consequently he did not subject himself to punishment under section 70. This point might, perhaps, prevail if section 70 stood alone, but that section is to be

46

construed with section 2 of the same chapter. Section 2, after declaring where every citizen may vote for " representative to the general assembly," and where for other officers, provides, in addition, that if any citizen " shall vote, at any election, for *any of said officers* in more than one town, he shall be liable to all the penalties prescribed for such illegal voting." The words " any of said officers " include the officer before named as " representative to the general assembly," and in the sense of this statute the respondent, in voting for representative in two towns, was guilty of voting for the same officer in two towns, although one was to be a representative " *from* " Barre, and the other " *from* " Plainfield.

II.    The second ground of defense is that the respondent, when he voted in Plainfield, believed himself a voter there, and afterwards, finding he was mistaken, voted in Barre, where he really belonged, and that he did not wilfully cast any illegal vote at all. This ground is not tenable, because the offense consists in voting in more than one town, and not in any corrupt design. After having voted in Plainfield, he was disrobed of all right to vote for the same officer elsewhere, even though his vote in Plainfield was illegal, and not entitled to be counted. · His second vote was illegal, whether the first was or not, and whether his action be attributable to corruption or only to ignorance. The policy of the statute is to guard against illegal voting, by throwing upon the voter the necessity of determining for himself, to some extent, where he belongs, and if in doubt compelling him to confine his vote to one place. He, of his own free will, voted in more than one town for the same officer, and this is precisely the act against which the statute has pronounced a penalty. The result is the respondent takes nothing by his exceptions.