## STATE v. D. TOMASI.

### January Term, 1895.

*Sale of intoxicating liquor.    Knowledge not essential.*

Under the statutes prohibiting the traffic in intoxicating liquor, ignorance of the nature of the thing sold is no excuse.

Information for keeping a nuisance. Plea, not guilty. Trial by jury at the September term, 1894, Washington county, Munson, J., presiding. Verdict guilty. The respondent excepts.

*George W. Wing* and *F. L. Laird* for the respondent.

Ignorance of fact unaccompanied by criminal negligence exempts from criminal responsibility. *Com.* v. *Presby*, 14 Gray 65, 67 ; *Com.* v. *Cheney*, 141 Mass. 102 ; *Stearn* v. *State*, 53 Ga. 229, 230 ; *Rich* v. *State*, 63 Ga. 616, 620, 621 ; Bishop's New Crim. Law, 301 ; Bish., Stat. Cr., p. 1022, and cases there cited ; *State* v. *McDonald*, 7 Mo. Ap., 510 ; *Crabtree* v. *State*, 30 Ohio St., 382 ; *Adler* v. *State*, 55 Ala. 16 ; *Robisus* v. *State*, 63 Ind. 235, 67 Ind. 94 ; *Moore* v. *State*, 65 Ind. 382 ; *Kreamer* v. *State*, 106 Ind. 192 ; *Ward* v. *State*, 48 Ind. 289 ; *Marshall* v. *State*, 49 Ala. 21.

*Zed S. Stanton*, State's Attorney, for the State.

Under our statute forbidding the sale of intoxicating

liquor, ignorance is no excuse. *Com.* v. *Boyinton*, 2 Allen 160; *Com.* v. *Goodman*, 97 Mass. 117; *Com.* v. *Hallett*, 103 Mass. 452; *Byars* v. *City of Mount Vernon*, 77 Ill. 467; *Com.* v. *Farrers*, 9 Allen 489; *State* v. *Hopkins*, 56 Vt. 250.

TAFT, J. But one question arises in this case. The jury were instructed that if the respondent sold what was in fact lager beer, he might be found guilty even though he did not know nor suppose that the article was lager beer. The respondent insists that the charge so given was erroneous, claiming that ignorance of fact, unaccompanied by any negligence, exempts one from criminal responsibility. If knowledge of certain facts is necessary to constitute an offence, the respondent can always show an ignorance of such facts in defence, or, rather to insure a conviction, it is incumbent upon the prosecution to show the respondent's knowledge; e. g. It is an offence to pass counterfeit money, knowing it to be counterfeit; to convict, the prosecution must always show the respondent's knowledge of its baseness. The case cited by the respondent, *Crabtree* v. *State*, 30 Ohio St. 382, is of this class; the statute prohibited the sale of liquor to a person by one *knowing him*, the vendee, to be a person in the habit of getting intoxicated. It was held necessary to show knowledge of the respondent of the person's habit. The rule in most instances seems to be this: If to constitute an offence, knowledge of certain facts is essential, it must invariably be shown that the respondent has such knowledge; but if a statute makes an act penal, without reference to knowledge, it is then unnecessary to show it, and ignorance of the fact is no defence. The rule may be stated in other words, thus: If a statute commands that an act be done or omitted, which in the absence of the statute would be blameless, ignorance of the fact or state of things contemplated by the statute will not excuse its viola-

tion.  The charge of the court was in accord with the rule as stated in *State* v. *Hopkins*, 56 Vt. 250.  For the many cases in which the same doctrine is held see *People* v. *Roby*, 52 Mich. 577, and *Farrell* v. *State*, 32 Ohio St. 456 (30 Am. Rep. note, p. 617).  A case much in point may be found in the English Exchequer, *Reg.* v. *Woodrow*, 15 M. & W. 404.  The respondent was tried, that eminent jurist, Sir Frederick Pollock, C. B., presiding, upon the charge of having in his possession adulterated tobacco, the defence being that he purchased it as genuine, and had no knowledge nor cause to suspect that it was not so.  His counsel argued that in order to enable the respondent to ascertain the character of the tobacco, a nice chemical analysis might be required; but he was interrupted by Park, B., who said:

"You must get some one to make that nice chemical analysis, or, you must rely upon the manufacturer or dealer who sells to you, and take your remedy against him."

It appears from the exceptions that a "nice chemical analysis" of the beer in question was made, presumably at the expense of the state.  It would have been a better and wiser thing for the respondent if he had had one made prior to his purchase, and then obeyed the law.  Exceptions overruled.

*Judgment of guilty upon the verdict affirmed; execution of sentence ordered.*