STATE *v.* FRED ACKERLY.

May Term, 1906.

Present: TYLER, MUNSON, WATSON, POWERS, and MILES, JJ.

Opinion filed July 6, 1906.

*Bigamy—Defence—Respondent's Honest and Reasonable Belief—V. S. 5059.*

A person who, having a wife living, marries another woman, in circumstances not within any exception of V. S. 5059, which creates

the crime of bigamy, is guilty of that crime, although at the time
of his second marriage he honestly believed, upon reasonable
grounds, that his wife was dead.

INFORMATION for bigamy.   Plea, guilty.   Trial by court
upon an agreed statement of facts at the March Term, 1906,
Washington County, *Rowell, J.,* presiding.   Judgment, guilty;
and sentence thereon.   The respondent excepted.

The agreed statement is signed by the respondent and the
State's Attorney, and states that the respondent, "In his own
proper person, at the present term, hereby waives the right to
a trial by jury, and asks that his case be tried upon the follow-
ing statement of facts:   On the seventh day of October, 1896,
the said Fred Ackerly was duly joined in marriage in the state
of New Jersey to one Ertika Kolmany, both persons being com-
petent to contract said marriage; that the said respondent lived
with the said Ertika Kolmany as his wife until the fall of 1898,
in said state of New Jersey, when they separated and he en-
listed with the United States Army for service in the Phil-
ippine Islands, that while in the Philippine Islands in the year
of 1901 he received a communication from a friend in New
Jersey, where he left his wife, stating that his said wife was
dead; that in 1903 he returned to this country and went to
Canada and became a member of the militia of Canada and
resided there until about January, 1905; that at the Town of
Barre in the county of Washington and State of Vermont on
the ninth day of January, 1905, the said Fred Ackerly was
duly joined in marriage with one Annie D. Smith, the said
Annie D. Smith, a single woman, and competent to contract
marriage.   That his first wife was living at the time of
said marriage to the said Annie D. Smith and is still living;
that from the time the said respondent left his first wife in
New Jersey in 1898, down to and including the time of his

second marriage, he had not known of the existence of his first wife and supposed her to be dead, according to the information conveyed as aforesaid, that his first wife was never in the state of Vermont, and was, therefore, out of the state for more than seven years together prior to the said second marriage; that at the time of the said second marriage the respondent did not know his first wife to be living from the time he left the state of New Jersey, in 1898, down to and including the time of said marriage."

*John W. Gordon* for the respondent.

*Hollister S. Jackson,* State's Attorney, for the State.

MUNSON, J.   The charge is bigamy, and the facts are agreed upon.   The statute creating the offence provides that it shall not extend to "a person whose husband or wife has been continually beyond the seas or out of the state for seven years together, the party marrying again not knowing the other to be living within that time."   V. S. 5059.   The case presented does not bring the respondent within the exception. It is urged, however, that the statute ought not to be construed to include cases where there is an honest belief in the death of the husband or wife, entertained upon reasonable grounds. This claim is not based upon anything contained in the statute, but on the general proposition that an intention to penalize an act that results from an ignorance of fact not due to negligence, ought not to be presumed.

There are many statutes in every jurisdiction that make the doing of certain acts criminal, without words bearing upon the knowledge or intent of the doer; and in prosecutions under statutes of this character it is ordinarily held that ignorance of the fact which makes the act criminal is not a defence.   See

12 Cyc. 148, 157, 158. This rule has been applied in a great variety of cases, from breaches of police regulations to bigamy, adultery and statutory rape. See note to *Farrell* v. *State,* 30 Am. Rep. 617. It is held, however, in some jurisdictions, that an honest belief, based upon reasonable grounds, is a defence to the charge of bigamy, although the second marriage was within the statutory period. 4 Ency. Law, 2 ed. 40. But the weight of authority in this country is the other way. The question has not been passed upon in this State, but the action of the Court has at least been foreshadowed in cases recently decided. *State* v. *Hopkins,* 56 Vt. 250 (260); *State* v. *Wyman,* 59 Vt. 527; *State* v. *Dana,* 59 Vt. 614; *State* v. *Tomasi,* 67 Vt. 312; *State* v. *Ward,* 75 Vt. 438. It was claimed in *State* v. *Tomasi* that ignorance of fact, unaccompanied by negligence, exempts from criminal responsibility. But it was said in that case, and said again in the *Ward* case, that when a statute makes an act penal, without reference to knowledge, ignorance of the fact is no defence. No ground occurs to us upon which it can be urged that those cases should be distinguished from this.

It is clearly the intent of the statute that one who marries within the seven years shall do so at his peril. There is nothing in the harshness of the provision that justifies a doubt of this intention. The consequences of an invalid marriage to society and to innocent parties are so serious that the law may well take measures calculated to insure the procurement of the most positive evidences of death before the contracting of another marriage in less than the time fixed.

*Judgment that there is no error, and that the respondent take nothing by his exceptions.*