## PARNELL *v.* THE STATE.

Under the Penal Code, §§ 377-378, if a man, who has a living wife from whom he is not divorced, marry again, he is guilty of bigamy, if the wife has been absent from him for a period of less than five years, although he honestly believed at the time of the second marriage that she was dead.

Submitted July 16,—Decided July 28, 1906.

Indictment for bigamy. Before Judge Felton. Bibb superior court. June 19, 1906.

*Maynard & Guerry* and *R. S. Wimberly,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

EVANS, J. The defendant was indicted for the offense of bigamy. On the trial it was proved that at the time of his second marriage he had been absent from his wife for a period of less than five years. In his statement he contended that he had received a letter informing him of her desperate illness, and that a letter written by him in which he made inquiry as to the result of that illness had not been answered, and he had supposed her dead. He requested the court to instruct the jury that should they believe he honestly thought his wife was dead at the time he contracted the second marriage, they would be authorized to acquit him. The court declined to so charge. The defendant was convicted, and

made a motion for a new trial upon the usual grounds and because of the refusal of the court to instruct the jury as requested.

The Penal Code, §377, declares: "If any person being married shall marry another person, the lawful husband or wife being alive, and knowing that such lawful husband or wife is living, such person so offending shall be punished by confinement at labor in the penitentiary, . . and the second marriage shall be void." The next section (378) declares that "Five years absence of the husband or wife, and no information of the fate of such husband or wife, shall be sufficient cause of acquittal of the person indicted under the preceding section; and the issue of such second marriage, born before the commencement of any prosecution for polygamy, or within the ordinary time of gestation thereafter, shall, notwithstanding the invalidity of such marriage, be considered as legitimate." The correctness of the instruction requested depends upon the construction of the last-quoted section of our Penal Code. The institution of marriage is of such importance that the legislature has undertaken to deal with the consequences of a second marriage where one of the parties to the first marriage has been absent and unheard of by the other for a period of five years. The effect of this statute is to declare that neither the husband nor the wife shall have the right, though ignorant that the other party is alive and believing such party is dead, to marry again unless such belief is confirmed by an absence of five years of the party supposed to be dead, without information to the contrary. A statute similar to ours was under construction in Massachusetts, and the Supreme Court of that State held that an inference that an absent spouse is dead can not be drawn until the expiration of the statutory period, and that a marriage within that period by one of the parties is at his peril. Com. *v*. Mash, 7 Metc. 472. And this principle seems to be in accord with the general rule obtaining in the United States. 4 Am. & Eng. Enc. L. (2d ed.) 40. In the absence of such a statute, it might possibly be contended that it would be proper to submit to the jury the question of intent, where a wife had been absent from her husband for a number of years, and reasonable diligence had been employed by him to ascertain if she were living, and where the information thus gained by him afforded a basis for an honest belief that she was dead. But where the legislature has prescribed a definite period at the expiration of which, though not

before, the husband will be justified in supposing his wife is dead, he can not be permitted to act upon the presumption of death within the prescribed period. The absent spouse must be in point of fact dead, if he marries before the prescribed period has expired, to protect him from the pains and consequences of a second marriage. The refusal of the court to give the written charge requested was proper. The evidence submitted by the State was sufficient to uphold the verdict, and the judgment denying a new trial is

*Affirmed. All the Justices concur, except Fish, C. J., absent.*