STATE *v.* GILMORE.

October Term, 1907.

Present:  ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 24, 1908.

*Criminal Law—Intoxicating Liquors—Illegal Sale by Servant of Licensee Against Latter's Instructions—Effect as to Licensee.*

Where police legislation penalizes an act or omission that might otherwise be done or omitted without culpability, intention is not an element of the offence, and ignorance of the fact or state of things contemplated by the statute will not excuse its violation.

A person duly licensed to sell intoxicating liquors under No. 115, Acts 1904, was personally guilty of selling intoxicating liquor without authority, where, in his absence, without his knowledge, and against his express instructions, his bartender sold such liquor to a minor in violation of said act.

INFORMATION for selling and furnishing intoxicating liquor without authority. Heard on an agreed statement of the facts, at the March Term, 1907, Franklin County, *Haselton,* J., presiding. Judgment, guilty. The respondent excepted. The opinion fully states the case.

*Elmer Johnson* and *Lee S. Tillotson* for the respondent.

A master is not liable for the criminal acts of his servant, unless done with the master's knowledge or by his instructions. 1 Bish. New Cr. Law, §218. "But if the sale of liquor is made by the servant without the knowledge of the master and really in opposition to his will, and in no way participated in, approved or countenanced by him, he ought to be acquitted." *Com.* v. *Nichols,* 10 Met. 259; *Com.* v. *Putnam,* 4 Gray 16; *Com.* v. *Briant,* 142 Mass. 463; *Com.* v. *Stevenson,* 142 Mass. 466; *Com.* v. *Rooks,* 150 Mass. 59; *Com.* v. *Stevens,* 155 Mass. 291; *Com* v. *Hayes,* 145 Mass. 289.

*F. S. Tupper,* State's Attorney, for the State.

In cases of this kind criminal intent is not essential, and *qui facit per alium facit per se.* *Rex* v. *Dixon,* 4 Campb. 12; *State* v. *Mead,* 75 Vt. 438; *Rix* v. *Medly,* 6 Currington & Payne, 292; *U. S.* v. *Gooding,* 12 Wheat. 472; *Rex* v. *Almon,* 5 Burrow 2686; *State* v. *Dow,* 21 Vt. 484; *State* v. *Hartfiels,* 24 Wis. 60; *Com.* v. *Boynton,* 2 Allen 160; *People* v. *Roby,* 52 Mich. 577; *State* v. *Tomassi,* 67 Vt. 312; 3 Greenl. Ev. §21; *State* v. *Kittelle,* 28 Am. St. Rep. 698; 17 Am. & Eng. Enc. 387.

TYLER, J. Information for selling intoxicating liquor without authority. Section 20, Act No. 115, passed in 1904, reads:
"No person shall furnish, sell, expose or keep for sale any intoxicating liquor except as authorized by this act; * * * *."
Condition five of section 23 is:

"That no liquor shall be sold or furnished to a minor for his own use or the use of any other person, nor to an habitual drunkard; * * * *."

The case comes to this Court upon an agreed statement of facts signed by the state's attorney and the respondent. The material facts are that the respondent on Dec. 24, 1906, was the holder of a first-class license to sell intoxicating liquors under said act; that on that day a minor purchased intoxicating liquor of one of his employees, paid him for it and drank it in his presence on the premises; that the liquor sold was taken from the respondent's stock of liquors kept by him for sale under his license; that the respondent was not upon the premises at the time of the sale, had no knowledge of it, did not authorize it nor approve of it, but, on the contrary, had previously instructed all his employees not to sell to minors or drunkards or in any manner violate the conditions of his license.

The question is whether the act complained of was, in law, the respondent's act, when committed by his servant. The State contends that the respondent is answerable for the act in accordance with the maxim, *Qui facit per alium facit per se.* The respondent claims that, as the sale was made without his knowledge and contrary to his instructions, the employee alone is liable.

Intent is not an essential ingredient of the offence charged. *State* v. *Tomassi,* 67 Vt. 312; *State* v. *Perkins,* 42 Vt. 399; *State* v. *Ackerly,* 79 Vt. 69, 64 Atl. 450. In *State* v. *Savery,* 145 Mass. 212, the respondent sold an intoxicating liquid by mistake; *held,* that his belief that it was not intoxicating was no defence. The rule is, where a statute commands that an act be done or omitted, which, in the absence of such statute might be done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation.

In some jurisdictions, licensees have been held criminally liable upon the ground that, intention not being an essential element of the offence, the principal is bound by the acts of his agent in violation of law while pursuing his ordinary business as such agent. Other courts and law writers hold that to render the principal liable his authority to his agent to commit the act must be shown. In 2 Bish. Stat. Crimes, §1049, the rule is stated

thus: '''A sale by one acting as clerk or other agent of the
defendant must appear also to have been authorized by him. If
he was present, the authority will ordinarily be inferred; if
absent, it may be presumed from the circumstances and other
proofs. The mere fact that the person making the sale was the
defendant's clerk in a lawful business is not enough; for an
authorization to do what is lawful is not an authority to commit
a crime. Within this principle, if the clerk or bartender of a
licensed retailer, whom the law forbids to sell to minors and
drunkards, makes such sale in his absence, he cannot be pun-
ished without some evidence indicating his consent to what is
thus unlawful.'' In support of the rule the writer cites cases
from Maine, New Hampshire, Indiana, Texas, Alabama and
Minnesota, but admits that in some of the states the contrary
rule prevails.

·It was held in *Com.* v. *Nichols,* · 10 Met. 259, that the de-
fendant was not liable criminally as a seller when the sale proved
was by a servant, without his knowledge, in opposition to his
will and which was in no way participated in, approved, or
countenanced by him. This doctrine is reaffirmed in *Com.* v.
*Wachendorf,* 141 Mass. 270; *Com.* v. *Briant,* 142 Mass. 463;
*Com.* v. *Hayes,* 145 Mass. 289; *Com.* v. *Rooks,* 150 Mass. 59;
*Com.* v. *Stevens,* 153 Mass. 421.

In Missouri the statute forbade any dramshop keeper, drug-
gist, or merchant selling to an habitual drunkard after notice,
.and it was held in *State* v. *Shortell,* 93 Mo. 123, that it did not
warrant the conviction of a person for the act of his servant
·done in violation of his express directions. And in *Anderson* v.
*State,* 22 Ohio 305, where the statute contained the words,
''person or persons, by agent or otherwise,'' it was held that a
·sale to a minor by a clerk, without the principal's authority
.and against his expressed directions did not make the principal
liable.

Decisions of courts of last resort in other states might be
·cited to illustrate the rule laid down by Bishop, but the foregoing
are sufficient for the purpose. We will briefly refer to some of
the cases that hold a different doctrine.

In *State* v. *Kittelle,* 110 N. C. 560, the Court said that the
licensee is bound to know that sales are made only to proper
persons, and to this end he must employ persons whom he can

trust; that he puts the employee in his place and gives him authority to make sales of liquor for his benefit, and should be responsible for the employee's acts.

In *McCutcheon* v. *The People,* 69 Ill. 606, the Court said it was immaterial whether the sale was made by the respondent or an agent, and that if made by an agent, the presumption is conclusive that he acted within the scope of his authority. "When the agent * * * is set to do the very thing which, and which only the principal's business contemplates, namely, the dispensing of liquors to purchasers, the principal must be chargeable with the agent's violation of legal restrictions on that business. His gains are increased, and he must bear the consequences. The fact that he has given orders not to sell to minors only shows a *bona fide intent* to obey the law, which all the authorities say is immaterial in determining guilt." The Court further reasoned that, as intent was not an ingredient in the offence, it logically followed that it was immaterial whether such orders were given or not; that he who does by another that which he cannot lawfully do in person must be responsible for the agent's act; that in fact it is his act; that by setting up another to do his work while he occupies himself elsewhere he cannot take the benefit of the agent's sales and escape the consequences of the agent's conduct. *Noecker* v. *People,* 91 Ill. 494, is to the same effect. This rule is held in *Mogler* v. *State,* 47 Ark. 110; *Sneider* v. *State,* 81 Ga. 753; *Whitton* v. *State,* 37 Miss. 379; *Carroll* v. *State,* 63 Md. 551; *State* v. *Hartfiels,* 24 Wis. 60, and doubtless in other states the decisions of whose courts we have not examined.

*People* v. *Roby,* 52 Mich. is cited by the Court in the N. Carolina case as sustaining the rule there contended for, the opinion having been delivered by Chief Justice Cooley. The case arose under a statute requiring that all saloons and other places where liquors were kept for sale should be closed on Sunday. The respondent's saloon was opened on a Sunday morning for cleaning, when a person went in and obtained liquor of the clerk. The respondent was not present but was in the house. The Court said that the penalties of the statute were denounced against the person whose saloon was not kept closed, and that no other fact was necessary to complete the offence. There was no evidence that the respondent assented

to the room being opened, or desired it, nor was there evidence to the contrary. No instruction to the clerk not to open it was shown.

*City of Paducah* v. *Jones,* decided by the Court of Appeals of Kentucky, Oct. 1907, reported in Vol. 104, page 971, S. W. Rep. is, in its facts, like the Michigan. case. The action was brought by the city upon a bond· given by the respondent as a licensee to keep a coffee house and sell spirituous liquors therein, conditioned that he would observe the laws of the state and the ordinances of the city, one of which prohibited the sale of liquors on Sunday. Sales were made during the licensee's absence by his bartender and the licensee was held liable on his bond. The Court quoted from Judge Cooley's opinion in *People* v. *Roby, supra,* where he said: "Many statutes which are in the nature of police regulations, * * * impose criminal penalties irrespective of any intent to violate them; the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible."

The Court then reasoned that if a criminal intent were *necessary* to constitute the offence of selling liquor on Sunday, or to a minor, or otherwise in violation of law, it would follow that the employer who had directed his clerk not to sell, or if the sale were made without his knowledge or consent, could not be criminally liable, as the criminal intent would be wanting. But in that case a police regulation had been violated, and the intent was wholly immaterial; that it was the act that the law looked at and not the intention of the perpetrator; that the character of the business carried on by retail dealer in spirituous liquors and the temptation offered by it to violate the law render it peculiarly appropriate that the rule be applied to those engaged in the traffic. The Court further said that when a person obtains a license to sell liquor, and for his own convenience and advantage employs other persons to conduct the business for him, he will be charged with responsibility for their acts and cannot shield himself upon the ground that their acts were contrary to his wishes, or in disobedience of his commands; that he assumes the risk of their acts in the business for which he employs them; that he must see to it that they do not violate the law if he would save himself from liability. The fact is emphasized that the employer has

placed it within the power of his clerk to observe or disobey the law; that he has left it to his discretion and judgment. The Court said that when he took his license, employed clerks and took the benefit of their illegal sales, he could not escape liability upon the ground that he did not approve or authorize their acts; that the duty of observing the law imposed by the acceptance of the license attaches to all persons who by employment of the licensee conduct the business under it; that their offence is his offence; that the law looks to the person intrusted with the authority and not to the subordinates he has seen fit to employ.

It should be stated that in most of the states where the decisions last cited were rendered the statutes differed from our own. In *State* v. *Kittelle* stress is laid by the Court upon the fact that the statute of North Carolina prohibited dealers in intoxicating liquors "to sell directly or indirectly" to minors. In Illinois the language is, "any person or persons by agent or otherwise." In Georgia the statute is that "no person, * * * by himself or another, shall sell," etc., and in *Dudley* v. *Seuthbine,* 49 Ia. 650, the Court said that the statute expressly provided that a principal should be liable for sales made by his agent, the statute declaring it unlawful for any person, by agent or otherwise to sell, etc. The statute of Maryland, under which the decision in *Carroll* v. *State* was rendered, is like ours. In Wisconsin the prohibitive words are, "knowingly or wilfully" sell to minors. In W. Va. the statute under which *State* v. *Denoon,* 31 W. Va. 122, was decided provides that a sale of liquor by one person for another shall be deemed to be a sale by both and that both may be indicted and fined, either jointly or separately, and the Court, while admitting a diversity of decisions upon this subject, based its opinion upon the statute referred to.

We have referred quite extensively to decisions of other courts to show the diversity of views entertained by them upon this question. In deciding this case we must consider that it was the intention of the Legislature, when it enacted the license law, to prohibit and prevent the sale of liquors to minors and drunkards, as it was the purpose of the Michigan and Kentucky Legislatures to prevent saloons being opened on Sundays. Judge Cooley said that no other fact was necessary to complete the

offence than that a saloon was open on Sunday; that the licensee could not be heard to say that it was opened by his employee in his absence and without his knowledge. The act aimed at can be committed only by reason of a license having been taken by the respondent. Sections 13, 14 and 15 of the license law carefully provide for the selection of licensees in whom confidence can be placed. A licensee cannot be excused from criminal liability if *he* sells to a minor however great the imposition practiced upon him by the person obtaining the liquor. Then can he delegate the conduct of the business to an agent with instructions not to sell to minors or drunkards and himself escape liability if his agent violates the law? We hold that he cannot. The offence is complete when such sale has been made under and by virtue of the license and in the line of the respondent's business as licensee, and it is immaterial whether the act was done by the licensee himself or by his employee. When he engaged in the business he assumed all the risk of his employees violating the condition of his license. Their acts were his acts when done in carrying on the licensed business.

*Judgment that there was no error in the proceedings. Let execution of the sentence be done.*