STATE *v.* MERRILL C. AUDETTE.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed September 26, 1908.

*Criminal Law—Adultery—Connection had in the Supposed*
*Relation of Husband and Wife—Statutes—Construction.*

In construing a statute, regard should be had to its subject-matter
as well as its language, and to the consequences that would follow
from a proposed construction.

A respondent is not guilty of adultery where the connection relied on
was had in the supposed relation of husband and wife, resulting
from his marriage, while single, to a woman whom he honestly
believed, on reasonable ground and without negligence, to be un-
married. *State* v. *Ackerly*, 79 Vt. 69, distinguished.

INFORMATION FOR ADULTERY. Plea not guilty. Trial by jury
waived, and trial by court on an agreed statement of facts, at
the December Term, 1907, Windsor County, *Powers,* J., presid-
ing. Judgment, guilty, and sentence thereon. The respondent
excepted. The opinion states the case.

*Herbert H. Blanchard* and *Herbert G. Tupper* for the
respondent.

In the circumstances of this case the respondent should have
been acquited. To prove him guilty, it was incumbent on the
State to prove that at the time of his supposed marriage he knew
that the woman had a living husband. I Cyc. 958-960; *Banks*
v. *State,* 96 Ala. 78, 11 So. 404; *Vaughan* v. *State,* 83 Ala. 50,
3 So. 530; *Cone* v. *Munson,* 127 Mass. 459; *People* v. *Salmon,* 113
Am. St. Rep. 273.

*Edward R. Buck, State's Attorney,* for the State.

The rule in this State is that when a statute makes an act
penal without reference to knowledge, ignorance of the fact is

no defence. *State* v. *Ackerly,* 79 Vt. 69; *State* v. *Hopkins,* 56 Vt. 250; *State* v. *Ward,* 75 Vt. 438; *State* v. *Wyman,* 59 Vt. 527; *State* v. *Dana,* 59 Vt. 614; *State* v. *Tomasi,* 67 Vt. 313; *Reg.* v. *Woodrow,* 15 M. & W. 404; *Com.* v. *Connelly,* 163 Mass. 538; *Com.* v. *Thompson,* 11 Allen 23; *Com.* v. *Elwell,* 2 Met. 190.

MUNSON, J. The respondent has been adjudged guilty of adultery on an agreed statement of facts. The acts relied upon to sustain the charge were sanctioned by the marriage relation, as the respondent supposed. They were in fact the acts of an unmarried man with a married woman; for the supposed wife had a husband living when she espoused the respondent. So we are again called upon to consider the relation of mistakes of fact to criminal intent.

The State rests its claim, in part, upon the reasoning and decision in *State* v. *Ackerly,* 79 Vt. 69, 64 Atl. 450, 118 Am. St. Rep. 940. It was said there, upon a citation of previous decisions of this Court, that when a statute makes an act penal, without reference to knowledge, ignorance of the fact is no defence. Among the cases referred to were some in which the act done, as the respondent understood it, was blameless. It is claimed by some text-writers, and held by some courts, that there can be no criminal liability without there having been some wrong in the act as it was understood to be, or some negligence in ascertaining the facts. But the view taken by this Court in *State* v. *Tomasi,* 67 Vt. 312, 31 Atl. 780, and in *State* v. *Ward,* 75 Vt. 438, 56 Atl. 85, with reference to offences purely statutory, accords with the main current of authority. *Com.* v. *Boynton,* 2 Allen 160; *Com.* v. *Wentworth,* 118 Mass. 441; *Com.* v. *Finnegan,* 124 Mass. 324; *Farmer* v. *People,* 77 Ill. 322; *State* v. *Hartfiel,* 24 Wis. 60; *Ulrich* v. *Com.,* 6 Bush (Ky.) 400; *Crampton* v. *State,* 37 Ark. 108; *Fielding* v. *LaGrange,* 104 Iowa 530. See also, *Com.* v. *Farren,* 9 Allen, 489; *State* v. *Smith,* 10 R. I. 258; *Barnes* v. *State,* 19 Conn. 398; *Com.* v. *Weiss,* 139 Pa. St. 247, 21 Atl. 10, 11 L. R. A. 530, 23 Am. St. Rep. 182; *Jamison* v. *Burton,* 43 Iowa 282; *McCutcheon* v. *State,* 69 Ill. 601; *State* v. *Cain,* 9 W. Va. 559; *State* v. *Heck,* 23 Minn. 549.

In *State* v. *Ackerly* the charge was bigamy, and it was held that one having a consort living, who marries again within the time fixed in the exception, is not excused by an honest belief

in the death of the consort, based upon reasonable grounds. The decision was not put especially upon the omission from the prohibitory clause of words pertaining to knowledge, but upon what seemed to be the plain intent of the enactment considered as a whole. The same view has been taken of similar statutes in other jurisdictions. *Com.* v. *Mash,* 7 Met. 472; *Com.* v. *Hayden,* 163 Mass. 453, 40 N. E. 846; 28 L. R. A. 318, 47 Am. St. Rep. 468; *Jones* v. *State,* 67 Ala. 84; see *Parnell* v. *State,* 126 Ga. 103, 54 S. E. 804.

It was said in the *Ackerly* case, and said correctly, that the rule precluding the defence of ignorance of fact had been applied in cases of adultery. It should be noticed, however, that cases are sometimes cited in support of this statement that are not directly in point. In some of the cases the question was whether it was necessary for the prosecution to allege and prove knowledge. *Com.* v. *Elwell,* 2 Met. 190, 35 Am. Dec. 398; *Fox* v. *State,* 3 Tex. App. 329, 30 Am. Rep. 144; *State* v. *Cody,* 111 N. C. 725, 16 S. E. 408. In some cases the parties marrying had relied upon improper advisers as to the legal effect of steps taken by themselves or others. *State* v. *Goodenough,* 65 Me. 30. In other cases a decree dissolving the defendant's prior marriage had been annulled because procured by his fraud. *State* v. *Whitcomb,* 52 Iowa 85, 2 N. W. 970, 35 Am. Rep. 258; *State* v. *Watson,* 20 R. I. 354.

But in *Com.* v. *Thompson,* 11 Allen 23, 87 Am. Dec. 685, the defendant married a woman who had left her husband for good cause eleven years before, and had not seen or heard from him since; but who had read of the killing of a man who bore the full name of her husband and whom she believed to have been her husband; and who told the defendant before she married him that she was a widow. The court submitted nothing to the jury as to the good faith of the respondent or the grounds of his belief, but instructed them that the facts testified to were not a legal justification. The Supreme Court sustained the conviction; saying that the seven years provision did not apply because it was the wife that left instead of the husband, and making that fact conclusive against the defendant. But, even in this extreme case, it could be said that the defendant knew that there had been a marriage, and that there was a former husband to be accounted for.

In the case before us, the respondent, twenty-four years of age, met at a party a woman twenty-two years of age, whom he supposed to be single. He afterwards corresponded with her, and saw her from time to time, and called upon her where she was living, and she visited his parents at their home. Through all this acquaintance she represented herself to be a single woman, and he believed her to be such; but he made no inquiries about her, and received no information regarding her history except from herself. When the license was procured she said it was her first marriage. The marriage occurred about five months after the acquaintance commenced. During all this time she had a husband living in Massachusetts.

There is a plain distinction between this case and the case of one who has an illicit connection with a woman whom he mistakenly supposes to be unmarried, or above the age of consent, or not of the prohibited relationship, and is thereupon charged with adultery, statutory rape or incest, as the case may be. In such a case there is a measure of wrong in the act as the defendant understands it, and his ignorance of the fact that makes it a greater wrong will not relieve him from the legal penalty. Here, the connection was had after the performance of a marriage ceremony, in the full belief that the marriage was legal, and in the absence of any circumstance calculated to suggest the contrary. The only thing that can be suggested as a want of circumspection on the part of the respondent, if it ought to be considered such, is that he failed to make inquiries in the family and neighborhood where the woman lived as to her being what she held herself out to be. But, in the view taken by the State, if he had made a full inquiry and failed to ascertain the fact, his erroneous belief would have been no defence.

It has appeared from what has already been said that we do not consider the decision in the *Ackerly* case controlling here. The fact that both statutes are without words referring to knowledge or intent does not require that they receive the same construction, for the absence of such words is but one of the matters to be considered in determining the construction. In ascertaining the intent of the Legislature regard must be had to the subject-matter of the statute as well as its language, and to the consequences that would follow the proposed construction.

There is ample authority in the decided cases for saying that penal statutes framed precisely alike in the respect indicated may be given opposite constructions. We have declared it to be the manifest intent of the bigamy statute that a person once married who marries again within the seven years on a supposition of the consort's death shall do so at his peril. But it by no means follows that all persons who marry, honestly believing upon reasonable grounds that the other party is single, do so in peril of a conviction for adultery if the fact proves to be otherwise. The two respondents whose cases we have considered stand different before the law. The one knows there is an obstacle to his marriage unless it has been removed by death, and takes the risk of a present marriage on inconclusive evidence rather than await the time when he can marry with the sanction of the law. The other knows beyond peradventure that he is free to marry, and takes no risk of his marriage being invalid except through the deceit of the other contracting party. The Legislature cannot have intended that one so defrauded should incur the penalty of adultery, although squarely within the terms of the statute. A court may well construe the prohibitory clause of the bigamy section according to its letter, and yet class the adultery section with those general prohibitions which are held susceptible of limitation by implied exceptions.

The connection complained of was had in the supposed relation of husband and wife, by virtue of a marriage contracted when the respondent was under no prohibition based on a prior marriage, and where the relation, as we construe the agreed statement, was entered upon and continued in by reason of a mistake of fact, honestly entertained upon reasonable grounds and without negligence; and upon these facts we hold the respondent not guilty of adultery.

*Exceptions sustained, judgment and sentence reversed, and respondent discharged.*