### 30403. REIKES v. THE STATE.

DECIDED JUNE 7, 1944. REHEARING DENIED JUNE 24, 1944.

Len B. Guillebeau, Russell G. Turner, for plaintiff in error.

John A. Boykin, solicitor-general, E. E. Andrews, Durwood T. Pye, contra.

BROYLES, C. J. The accused was convicted of the offense of bigamy; his motion for a new trial was denied, and that judgment is assigned as error.

Upon the trial the State proved, and the defendant admitted, that the defendant's second marriage was consummated while his first wife was alive, and that he had knowledge of that fact; but he contended in his statement to the jury that, before his second marriage, he had paid to Allen Caruthers, a lawyer, $250 to obtain for him a divorce from his first wife; that subsequently the lawyer told him the divorce had been granted, and that he was free to marry again, and that he in good faith believed that he had obtained a valid divorce; and that his lawyer died shortly before his second marriage. The defendant introduced no evidence, either oral or documentary, but relied solely on his unsworn statement to the jury. "Any person being married who shall marry another person, the lawful husband or wife being alive, and knowing that such lawful husband or wife is living, shall be punished by confinement at labor in the penitentiary for not less than two years nor more than 10 years." Code, § 26-5602. In a prosecution for bigamy the State makes out a prima facie case when it proves that the man accused married two different women at different times, and that when he married the second time he knew that his first wife was alive. *Robinson* v. *State*, 6 *Ga. App.* 696, 700 (65 S. E. 792). In that case this court said: "The State would make a prima facie case by proving that the defendant contracted a second marriage while his first wife was living; and if the defendant could prove that his wife had been absent and unheard of by him for more than five years prior to the time the second marriage was contracted, or that his first wife had obtained a divorce, he would be entitled to an acquittal. While the evidence on the part of the State does not show affirmatively that the defendant's wife had not been absent and unheard of by him for the statutory period, it was not necessary that the State should show this in order to make out a prima facie case. It does not appear, otherwise than from the defendant's statement, that his wife had been absent and unheard of by him for more than five years prior to the time he married the second time; and since the jury may disregard his statement, even when uncontradicted, the verdict [of guilty] is not without evidence to support it." In the instant case it appears from the defendant's statement that his New York lawyer told him that he had obtained a divorce for him from his first wife in the State of Arkansas, and that he believed his lawyer's statement.

He failed to say in his statement that he had any personal knowledge of the divorce—he had only his lawyer's statement, and he failed to produce any court record or copy thereof, or any scrap of paper, or any testimony, to support his belief that he had obtained a divorce. In *Robinson* v. *State,* supra, the court stated: "As we have already said, however, the State would probably make a prima facie case by proving the first marriage, that the first wife is still living, and the second marriage, since there is a presumption that the first marriage once created has never been dissolved. 5 Cyc. 700. In the case of *Parnell* v. *State* [126 *Ga.* 103, 54 S. E. 804], there is a dictum that if the defendant honestly believes that he has a right to make the second marriage and it appears that this honest belief *is the result of reasonable diligence to ascertain the truth* [italics ours], then the jury would have the right to infer that the defendant had no criminal intent, and was therefore not guilty of any crime. We think this dictum sound. . . And where honest belief, founded on reasonable diligence to ascertain the truth, appears, the defendant should be acquitted, if the jury has a reasonable doubt as to whether or not there is criminal intent—a necessary ingredient of every crime." Generally, the question as to whether or not the defendant had employed reasonable diligence to ascertain the truth, is for the jury to determine, but where, as here, there is no evidence, and nothing in the defendant's statement, to show or to infer that he had exercised any diligence whatsoever to ascertain whether he had obtained·a valid divorce from his first wife, the general rule does not apply.

The contention of the defendant that the burden is on the State to prove that he had never procured a divorce from his first wife is untenable. The State makes out a prima facie case when it proves the first and second marriages, and that the first wife was living at the date of the second marriage. To require the State in a bigamy case to negative a divorce from the first wife would be to require in many cases an impossibility, since it would necessitate the examination of the records in every jurisdiction in which a divorce might have been obtained and the submission of proof that it was not obtained in any of such jurisdictions.

The verdict was amply authorized by the evidence; and, under the particular facts of this ·case, including the charge of the court, the assignments of error upon certain excerpts from the court's

charge, and upon the refusal to give certain requests to charge, fail to show cause for a new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*