30865. MOBLEY *v.* ARNALL, governor.

Decided June 6, 1945.

*Carl B. Copeland, Elijah A. Brown,* for plaintiff in error.

*E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. It is our opinion that under the circumstances above set forth the court did not err in entering a final judgment against the surety. We say this in full awareness that it is earnestly contended by counsel for the plaintiff in error that in doing so the judicial department did not view with proper consideration the matter of comity between the executive and judicial branches of our Government. In the act of the court in this case we discern no improper deference to the board. Indeed, the court sent the assistant solicitor to inquire as to the wishes of the board concerning the matter of reprieve about which the chairman of the board had personally communicated with the presiding judge. The chairman conveyed to the court that the reprieve had not been granted, but that it would be granted, but for the court to go ahead and do as it pleased. The court was recessed until 11 o'clock. The court convened again and one of the attorneys stated that he had been informed by another attorney that a reprieve had been granted. Then it was that a scire facias was ordered to issue and about an hour after the presiding judge ordered the scire facias to issue, a messenger handed him a copy of the reprieve from the board. Thus it will be seen that it was an hour after the action of the court before there was any official information or competent evidence that the reprieve had been granted. Prior to the time the messenger was sent by the board, the chairman thereof had

informed the presiding judge in effect to use his own pleasure. It is inferable from this record that the board did not desire to issue the reprieve before the court had forfeited the bond. The board did not request the judge to wait. It is just as reasonably inferable that the board did not care to issue the reprieve ahead of the forfeiture, realizing that the period of the reprieve would expire before a judgment absolute could be taken in the forfeiture proceedings. Be this as it may, it must be kept in mind that nothing the board or the court did prevented the defendant from personally appearing at 10 o'clock on November 2, 1944, at the hour set for his appearance, and nothing that the court or the board did prevented him from personally appearing on February 23, 1945, three weeks after he had spent his reprieve. Certainly it can not be contended that at 10 o'clock on November 2d he or his attorneys knew that a reprieve would be granted. The chairman did not know it for he informed the judge that a reprieve would be granted provided Reikes met certain conditions. Yet Reikes did not appear at the hour and date set for his appearance. It appears from the records of this court that his sentence was affirmed on June 7, 1944, and a motion for a rehearing denied on the following June 24. He then made application to the Supreme Court for the writ of certiorari, which was denied on September 25, 1944. On the same day the remittitur from this court was forwarded to the superior court. It thus appears that Reikes ignored the conditions of his bond from September 25, 1944, until February 23, 1945. As to why he did not personally appear from September 25, 1944, until November 2 thereafter is not explained. It is explained why he did not appear during the period of sixty days beginning on November 2, 1944, after his bond had been forfeited until the expiration of the reprieve. But as to why he was absent during the period from the expiration of his reprieve until the judgment absolute was taken, there is no attempt at explanation. The record is pregnant with implications that bad faith on the part of the defendant was operating. We can not see that any discourtesy either to the defendant, or to the surety, or to the board was evidenced by the conduct of the court. It must be remembered that the condition of the bond was that the defendant would personally appear and answer the final judgment of the court. As to this provision he has completely with impunity ignored it. In so far

as the record shows, he has never complied with his bond. His counsel argued that such has nothing to do with the case. We think it has all to do with it, else a supersedeas bond means nothing. This statement is meant to be no reflection whatsoever on the attorneys in the case. It may be conceded that they have proceeded with honor and diligence and in good faith, notwithstanding the conduct of Reikes.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*