STATE *v.* MYRTIE BELL WOODS.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 9, 1935.

355

*E. J. Smith* and *David E. Porter* for the respondent.

*Lee E. Emerson,* State's attorney, for the State.

BUTTLES, Supr. J.   The respondent was convicted in Orleans county court of a violation of P. L. Sec. 8602, commonly known as the Blanket Act.

A transcript of the evidence has not been furnished, but from the respondent's amended exceptions it appears: "That the respondent, a single woman, with her three children, in company with one Leo Shufelt, of Lowell, Vermont, and of one John Ellis, motored in the summer of 1933 to Reno, Nevada, * * * where the said Leo Shufelt, who was a married man, instituted divorce proceedings against his wife, then living in Vermont; that process in said divorce proceedings was served upon the said wife; that she never accepted service of same, did not go to Nevada, and had no appearance entered in her behalf in said cause."

It further appears that after hearing, a decree was granted which purported to be a decree of divorce to the said Shufelt, and thereupon he and the respondent went through a marriage ceremony in Reno, which was performed by the same judge who granted the decree, and thereupon the respondent entered into marital relations with the said Shufelt, and after a week or so went with him to Connecticut, whence he subsequently went to Lowell, Vermont, where the respondent later joined him and where the offense herein charged is alleged to have been committed.

The respondent does not challenge, by her exceptions, the submission to the jury of the questions of fact upon which the determination below of the invalidity of the attempted Nevada divorce for the purposes of this case was based.   Neither does she challenge the manner in which those questions were submitted nor the determination by the Court below that said

attempted divorce is, for the purposes of this case, invalid. The verdict of the jury and the rulings of the trial court as to the invalidity of the attempted Nevada divorce are therefore conclusive upon the rights of the respondent in this case.

Thus there is no question of the validity or invalidity of the attempted Nevada divorce in the case, as it comes to this Court, and it is not necessary for us to consider the principles involved in *Haddock* v. *Haddock,* 201 U. S. 562, 50 L. ed. 867, 26 Sup. Ct. 525, 5 Ann. Cas. 1.

■■ The respondent has saved one exception to the charge as given, and four to the failure of the court to comply with requests to charge. The real question involved in all of these exceptions is the same, and we will consider them together, as the respondent has done in her brief.

The respondent contends, by these exceptions that an honest belief in the validity of the Reno divorce and of her subsequent marriage to Shufelt would be a defense to this prosecution. There is much diversity of view as to whether a mistaken belief as to a fact, based upon reasonable grounds, may or may not constitute a defense in a criminal action of a nature similar to this one. In *State* v. *Ackerly,* 79 Vt. 69, 64 Atl. 450, 118 A. S. R. 940, 8 Ann. Cas. 1103, this Court held that an honest belief that his wife was dead was not a defense in a prosecution for bigamy, the respondent having attempted to remarry. See, also, *State* v. *Tomasi,* 67 Vt. 312, 31 Atl. 780; *State* v. *Ward,* 75 Vt. 438, 56 Atl. 85.

But in *State* v. *Audette,* 81 Vt. 400, 70 Atl. 833, 18 L. R. A. (N. S.) 527, 130 A. S. R. 1061, it was held that, under the circumstances of that case, ignorance of the fact that the woman whom the respondent attempted to marry had a husband living was available as a defense in a prosecution for adultery, he having been misled by her false statements as to that fact.

Here the respondent relies upon a mistake of law rather than of fact. Her presence in Reno and her marriage to Shufelt immediately after the supposed divorce was granted by the judge who granted the decree indicate that she must have known all about the facts and circumstances of that proceeding. No claim is made that she did not know the facts. Her mistake, if one she made, was as to the legal effect in Vermont of the Nevada decree. The maxim, *"Ignorantia legis non excusat,"* and the corresponding presumption that everyone is conclu-

sively presumed to know the law, are of unquestioned application in Vermont as elsewhere, both in civil and in criminal cases. *State* v. *Duncan*, 78 Vt. 364-378, 63 Atl. 225, 4 L. R. A. (N. S.) 1144, 112 A. S. R. 922, 6 Ann. Cas. 602; *Baker* v. *School District No. 2*, 46 Vt. 189, 198; *McDaniels* v. *Lapham*, 21 Vt. 222, 237; *Ives* v. *Hulet*, 12 Vt. 314, 321.

This presumption applies as well in prosecutions for adultery as in other criminal prosecutions, "It is no defense that the parties were mistaken as to the law and had no intention of committing the offense (adultery)." 2 Corpus Juris, 16; *State* v. *Whitcomb*, 52 Iowa, 85, 2 N. W. 970, 35 A. R. 258; *State* v. *Goodenow*, 65 Mo. 30; *State* v. *Watson*, 20 R. I. 354, 39 Atl. 193, 78 A. S. R. 871.

█ It remains to consider whether this presumption is applicable in this case in view of the phraseology of P. L. 8602, under which the respondent was prosecuted. Clearly it does apply if the words "under circumstances affording presumption of an illicit intention" mean that the act which the respondent intends to do is forbidden and not that the respondent must have acted with a guilty mind.

Obviously the real purpose of this section of the statute is to punish and prevent the commission of adultery. We perceive no reason why the rule regarding ignorance of the law should be any differently applied to a prosecution under this section than it would be if the prosecution were for adultery under one of the two preceding sections of the statute. Furthermore, the practical necessity for this rule if the criminal law is to be adequately enforced is as great with respect to this offense as any other. Our public policy as evidenced by our divorce statutes and our refusal to recognize the validity of attempted foreign divorces, under certain circumstances would have little force if people could use such attempted foreign divorce coupled with a plea of ignorance of the law as a defense in prosecutions for sexual offenses.

When it is proved that the parties were found in bed together under circumstances affording presumption of an intention to commit the act as charged in the indictment or information, then the requirement of the statute is met and ignorance of the law cannot be urged as a defense.

*Judgment that there is no error in the record. Exceptions overruled. Let execution be done.*