## State of Vermont v. Robert A. St. Francis

[628 A.2d 556]

No. 92-341

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 11, 1993

*Howard W. Stalnaker* and *James A. Hughes*, Franklin County Deputy State's Attorneys, St. Albans, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *Anna Saxman* and *William Nelson*, Appellate Attorneys, Montpelier, for Defendant-Appellant.

**Morse, J.** This appeal raises the following question: May probation be revoked based on conduct that occurred after a defendant begins serving a split sentence but before starting the probationary period? We hold that the law permits revocation in this case and affirm.

Defendant was convicted of sexual assault on a minor and sentenced on August 26, 1991 to a term of fourteen months to six years, all suspended except for fourteen months. On the

same day defendant was sentenced, a probation order issued, placing him "on probation in the care and custody of the Commissioner of Corrections until further notice" with conditions, one of which was that he "not engage in threatening, violent or assaultive behavior." Defendant signed the order. He began serving his sentence on September 3, 1991. He was furloughed in February 1992 and remained in that status under the authority of the Department of Corrections' field supervision unit until June 11, 1992. The following day, June 12, he signed a "Probation Supervision Contract."

On June 17, 1992, defendant's probation officer filed a complaint asserting that defendant had violated one of the conditions of probation by making unwanted sexual advances on a number of occasions toward his cousin. The woman complained about incidents that occurred between the date defendant was sentenced and the date he began serving his sentence, between the date he was furloughed and the date he began the probationary period, and after the probationary period commenced.

Probation was revoked based primarily on an incident that occurred on May 31, 1992, before, according to defendant, the probationary period began. Defendant contends that his probation cannot be revoked for conduct that took place on that date because the plain language of the probation statute does not allow it and because he had not signed the probation contract at that point. We reject both arguments.

Defendant's statutory argument is based primarily on the term "probation" being defined as "a procedure under which a respondent, found guilty of a crime . . . is released by the court, *without confinement*, subject to conditions imposed by the court and subject to the supervision of the commissioner." 28 V.S.A. § 201 (emphasis added). This definition, however, is not intended to limit the period in which probation can be revoked. Indeed, § 201 provides that the definition applies "[w]henever used in this chapter, *unless a different meaning plainly is required." Id.* (emphasis added).

Other sections of the probation statute suggest that the court has the power to revoke probation from the date of sentencing. For example, at the time a probationer is placed in custody, the court must provide to the Commissioner of the Department of Corrections a probation warrant setting forth, among other

things, the conditions of release. 28 V.S.A. § 203(a). The warrant "shall be sufficient authority for the apprehension and detention of the probationer by the commissioner . . . at any time or place." *Id.* § 203(c). Further, the court may issue a warrant for the arrest of a probationer, or a probation officer may arrest a probationer without a warrant "[a]t any time before the discharge of the probationer or the termination of the period of probation." *Id.* § 301.

We join the overwhelming majority of federal and state courts in holding that probation may be revoked for acts committed by a defendant after imposition of the sentence but before commencement of the probationary term. See, e.g., *United States v. Daly*, 839 F.2d 598, 601 (9th Cir. 1988) (district court could revoke probation for conduct occurring while defendant was released on bond pending appeal); *United States v. Yancey*, 827 F.2d 83, 84–85, 88 (7th Cir. 1987) (probation revoked for acts committed while defendant was in prison); *State v. Padilla*, 744 P.2d 548, 549–50 (N.M. Ct. App. 1987) (although probationary period had not commenced, district court could revoke probation of defendant who failed to return from work release program); *State v. Jacques*, 554 A.2d 193, 194 (R.I. 1989) ("prevailing view is that probation may be revoked by a court before a defendant completes serving his sentence and begins his probationary period"). See generally Annotation, *Power of Court to Revoke Probation for Acts Committed After Imposition of Sentence but Prior to Commencement of Probation Term*, 22 A.L.R.4th 755, 757 (1983) (virtually all federal and state courts have concluded that probation may be revoked for acts committed between sentencing and beginning of probationary term). This holding is consistent with our probation statute, as noted.

Moreover, it makes sense. A court's decision to suspend all or part of a sentence is conditioned on the assumption that the defendant will refrain from certain behavior. Thus, from the time the conditions are imposed at sentencing, the defendant is on notice to conform his conduct to those conditions, and at any time thereafter the court may impose the underlying sentence based on the defendant's failure to do so. See *United States v. Veatch*, 792 F.2d 48, 52 (3d Cir. 1986) ("The need for the power to revoke is perhaps more acute when the additional offense

occurs so soon after imposition of a sentence than it would be when the infraction occurs years later."); *United States v. Ross*, 503 F.2d 940, 943 (5th Cir. 1974) ("Sound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date."). Here, the court used its discretion to suspend most of defendant's sentence subject to certain conditions. Those conditions were included in the probation order issued at sentencing, which constituted the contract between the probationer and the court. See *State v. Whitchurch*, 155 Vt. 134, 139, 577 A.2d 690, 693 (1990). Despite that contract, defendant chose to ignore the conditions. The fact that he committed the offending acts before beginning the probationary period of the split sentence does not absolve him of responsibility for having violated those conditions.

*Affirmed.*