**STATE of Vermont v. Sean HAMMOND**

[779 A.2d 73]

No. 00-401

August 1, 2001. Defendant appeals from a decision of the district court finding him in violation of his conditions of probation. He argues on appeal that he was not given sufficient notice of the condition he was found to have violated and that the record does not support a finding that he violated a condition voluntarily. We reverse.

Defendant was charged with sexual assault in January 1998. He pled guilty and was sentenced to eight years in prison, with all but three years suspended. Conditions of defendant's probation included a requirement that he successfully complete the Windsor in-house sex offender counseling program and a requirement that he successfully complete any other counseling directed by his probation officer. Defendant was assessed for admission into the Vermont Treatment Program for Sexual Aggressors (VTPSA) at the Windsor Correctional Facility, but was found ineligible at that time based on the nature of his crime. The assessment team recommended that he participate in the Cognitive Self Change (CSC) program at the facility instead, deeming it more appropriate for defendant. Because of this change, the assessment team thought it better that he be referred to VTPSA after his release — he would not have had enough time to complete both the CSC program and VTPSA during his period of incarceration. There is no indication in the record, however, that this decision by the assessment team was ever communicated to the defendant. Nor does the record reflect that this alternative plan was approved by defendant's probation

officer. Defendant did testify, however, that he was told that if he did not participate in the CSC program, he would be "shipped to Virginia."

Several months after his acceptance into the CSC program, the program was moved to the Northern State Correctional Facility in Newport, and defendant moved with the program. He was eventually terminated from the program five months before his scheduled release date, in part because he wrote several inappropriate letters to women while in prison and in part because he was not participating satisfactorily in the CSC program. When informed of the thirty-day period in which he could redeem himself and be readmitted to the program, defendant responded this would not be necessary as he was scheduled to be released soon. Shortly thereafter, defendant was assaulted by another prisoner and hospitalized for a month. He was cited by his probation officer for a violation of his conditions of probation because of his failure to successfully complete the CSC program. Prior to that, defendant had never met with his probation officer, nor had any communications from her.

Following a hearing, the district court found that by failing to complete the CSC program, defendant had violated his conditions of probation. The court based its decision on its finding that defendant "was placed on reasonable notice that he was going to be required to complete the [CSC program] before being able to enter into [VTPSA]." The court also found that defendant was told that he could complete VTPSA after his release.[1]

The court revoked his probation and modified his sentence such that all but four years were suspended, and defendant was ordered to complete the CSC program in-house and the sex offender programming following his release.

Defendant argues that he was not given sufficient notice that completion of the CSC program was a condition of probation. Furthermore, he argues that because he was found ineligible for VTPSA, satisfaction of that portion of his conditions of probation was placed outside of his control. The trial court concluded that because completion of CSC by defendant was a necessary precondition to his admission to VTPSA, his removal from the program in effect was a failure to successfully participate in the VTPSA program as required by defendant's sentencing order.

Although a probation agreement is in no sense a "strait-jacket," *State v. Emery*, 156 Vt. 364, 373, 593 A.2d 77, 82 (1991), and a defendant may be put on notice as to what may constitute a probation violation merely by the instructions and directions of a probation officer, *State v. Peck*, 149 Vt. 617, 619-20, 547 A.2d 1329, 1331 (1988), "defendant is entitled to know what conduct is forbidden before the initiation of a probation revocation proceeding." *State v. Bubar*, 146 Vt. 398, 405, 505 A.2d 1197, 1201 (1985). Due process requires it. *Peck*, 149 Vt. at 619, 547 A.2d at 1331.

Defendant testified that he was never informed that (1) successful completion of the CSC program constituted one of his conditions of probation, (2) failure to

---

[1] There does not appear to be any support in the record for this finding. In fact, the only evidence adduced on this point at the hearing was *defendant's* testimony that his caseworker at the Newport facility told him that he was *in violation* of his conditions of probation because of his

---

failure to complete VTPSA *while he was incarcerated.* Furthermore, the fact that defendant brought a petition for habeas corpus because he anticipated being found in violation of probation for his failure to complete VTPSA *prior* to release belies the court's assumption that he was told by corrections personnel that he could participate in VTPSA post-release.

complete the CSC program would be a violation of his conditions of probation, or (3) completion of the CSC program was a necessary precondition to his satisfying the condition that he successfully complete VTPSA. This testimony was unrebutted, except for the testimony of the CSC coordinator in Newport who simply testified that when she warned defendant a month before his termination from the program that his performance was not up to par, she told him that termination from the program "could have an effect on his upcoming probationary status." When defendant's caseworker was asked if he ever communicated to defendant that successful completion of the CSC program was a condition of his probation or whether completion of VTPSA remained a condition of probation given that defendant had been found ineligible for the program, he answered:

> I don't really want to speak much about things I don't know. I know that he came to Newport and was intended to go into the central level of Cognitive Self Change Program. Whatever those folks do within that program for their criteria and their assessment levels is beyond my grasp.

Furthermore, while conditions of probation may take effect while a defendant is still incarcerated, *State v. St. Francis*, 160 Vt. 352, 354, 628 A.2d 556, 558 (1993), this defendant's probation officer failed to make any contact with him whatsoever.[2]

---

[2] We note that the statutory scheme does not provide for the delegation of authority to impose or modify probation conditions to prison caseworkers. See 28 V.S.A. §§ 252 & 253 (providing for the imposition and modification of conditions of probation by the *court*); see also *State v. Moses*, 159 Vt. 294, 301, 618 A.2d 478,

Given this state of the record, it does not appear that defendant was given reasonable notice by *any* Corrections personnel that his participation in the CSC program had become part of his conditions of probation, either as a direct condition or as a prerequisite to the VTPSA condition, and the trial court's finding of such was clear error. See *Simendinger v. City of Barre*, 171 Vt. 648, 649, 770 A.2d 888, 891 (2001) (factual findings will be set aside as clearly erroneous if appellant is able to demonstrate that there is no credible evidence in the record to support the findings). Additionally, defendant's finding of ineligibility for VTPSA cannot form the basis for a violation of the condition that he successfully complete that program prior to release. See *Bubar*, 146 Vt. at 405, 505 A.2d at 1201-02 (probation conditions may not be put beyond a probationer's control). Therefore, the court's finding of a violation of probation is not supported by the record.

*Reversed.*

---

482 (1992) (cautioning against overbroad delegations of power by the court to *probation officers* and stating "the Legislature placed the power to impose probation conditions on the court, and not on the corrections department and its employees").