REIBER, C.J.
¶ 1. Defendant appeals the trial court's determination that he violated the terms of his probation by possessing a firearm in violation of 13 V.S.A. § 4017. We affirm.
¶ 2. Defendant pled guilty to domestic assault in November 2015. The trial court deferred his sentence for one year and placed him on probation. Defendant's deferred sentence and probation order stated, "You must not engage in criminal behavior[.]" After defendant's release on probation, he asked his probation officer whether he could possess a firearm. The probation officer informed him that he was not an attorney, but he thought defendant could. This was incorrect. Under Vermont law, it is illegal for anyone convicted of domestic assault to possess a firearm. See 13 V.S.A. § 4017(a), (d)(3) (prohibiting person convicted of violent crime from possessing firearm); id. § 5301(7)(C) (listing domestic assault as violent crime).
¶ 3. During the fall of 2016, defendant encountered police officers three times. Each time, he voluntarily informed the officers that he possessed a gun. In November 2016, the State filed an affidavit alleging defendant had violated his probation by possessing a firearm on three occasions. After a hearing in December 2016, the trial court determined that Condition 31 of the probation certificate, which prohibited "engag[ing] in criminal behavior," provided "fair notice" that firearm possession would violate 13 V.S.A. § 4017, a strict liability offense; that defendant was in possession of a firearm on three occasions; and that defendant, accordingly, violated the terms of his probation. The court further held that the burden generally falls on defense counsel, not the probation officer, to inform defendant of potential "collateral consequences of a [criminal] conviction." Defendant timely appealed.
*1102 ¶ 4. Defendant makes two arguments. First, he argues that the probation officer's statements "eviscerate[d] the clarity" of the probation condition such that he cannot be held to have violated the terms of his probation. Second, defendant argues that even if he did violate his probation, he did not do so willfully. Defendant does not dispute the trial court's finding that he possessed a firearm in violation of 13 V.S.A. § 4017.
¶ 5. A violation-of-probation decision "presents a mixed question of law and fact." State v. Sanville, 2011 VT 34, ¶ 7, 189 Vt. 626, 22 A.3d 450 (mem.). On review, "[w]e will not disturb the court's findings if they are fairly and reasonably supported by credible evidence, and we will uphold the court's legal conclusions if reasonably supported by the findings." State v. Provost, 2014 VT 86A, ¶ 12, 199 Vt. 568, 133 A.3d 826 (quotation omitted). Defendant's first argument disputes the trial court's legal conclusion by raising a question of law; we review that question of law de novo. State v. Bryan, 2016 VT 16, ¶ 12, 201 Vt. 298, 142 A.3d 204 (reviewing de novo legal question underlying court's conclusion in probation-revocation decision). Defendant's second argument raises a question of fact, which we will uphold if "fairly and reasonably supported by credible evidence." State v. Decoteau, 2007 VT 94, ¶ 8, 182 Vt. 433, 940 A.2d 661 ; State v. Anderson, 2016 VT 40, ¶ 13, 202 Vt. 1, 146 A.3d 876 ("Whether a defendant's probation violation was willful is a question of fact, and we will not disturb a trial court's determination that the defendant acted willfully unless that determination was clearly erroneous.").
¶ 6. In order for the court to find a violation of probation, the State must show, by a preponderance of the evidence, that "there has been a violation of a probation condition whose requirements were known to the probationer." State v. Coyle, 2005 VT 58, ¶ 8, 178 Vt. 580, 878 A.2d 1062 (mem.) (emphasis added). "[D]ue process requires that a convicted offender be given fair notice as to what acts may constitute a violation of his probation, thereby subjecting him to loss of liberty." State v. Peck, 149 Vt. 617, 619, 547 A.2d 1329, 1331 (1988) ; see also State v. Bubar, 146 Vt. 398, 405, 505 A.2d 1197, 1201 (1985) ("[T]he defendant is entitled to know what conduct is forbidden before the initiation of a probation revocation proceeding."). Therefore, a court can find a probationer in violation of probationary terms only when those terms are "express" or "so clearly implied that a probationer, in fairness, can be said to have notice of it." State v. Austin, 165 Vt. 389, 398, 685 A.2d 1076, 1082 (1996) (quotation and alterations in original omitted).
¶ 7. A probationer has fair notice of those conditions expressly stated in the probation certificate. See 28 V.S.A. § 252(c) ("When an offender is placed on probation, he or she shall be given a certificate explicitly setting forth the conditions upon which he or she is being released."); State v. Kane, 2017 VT 36, ¶ 20, 204 Vt. ----, 169 A.3d 762 ("To satisfy this due process requirement [of fair notice], offenders must be 'given a certificate explicitly setting forth the conditions upon which he or she is being released.' " (quoting 28 V.S.A. § 252(c) ) ). The instructions and directions of the probation officer may also provide fair notice. See State v. Blaise, 2012 VT 2, ¶ 15, 191 Vt. 564, 38 A.3d 1167 (mem.) ("[A] defendant might be given fair notice of what may constitute a probation violation by the instructions and directions given to defendant by his or her probation officer ...." (quotation omitted) ).
¶ 8. Defendant's probation certificate provided defendant fair notice that *1103 gun possession constituted a violation of his probationary terms, and he does not argue otherwise. The certificate expressly prohibited defendant from "engag[ing] in criminal behavior," and it is criminal behavior for someone convicted of domestic assault to possess a gun. 13 V.S.A. § 4017. Defendant agrees that the condition was clear: "Condition 31, 'You must not engage in criminal behavior,' is not vague on its face ...." Cf. Sanville, 2011 VT 34, ¶ 1, 189 Vt. 626, 22 A.3d 450 (finding defendant lacked fair notice because probation certificate was insufficiently clear regarding what constituted "threatening behavior"). Defendant also concedes that his gun possession was criminal behavior proscribed by the plain terms of the probation certificate. And he does not dispute the long-standing legal principle that "ignorance of the law is not an excuse," meaning, the law presumes all individuals know the law and are responsible for noncompliance. See State v. Fanger, 164 Vt. 48, 53, 665 A.2d 36, 38 (1995) (affirming legal principle that ignorance of law is not excuse); State v. Woods, 107 Vt. 354, 356-57, 179 A. 1, 2 (1935) (stating that "everyone is conclusively presumed to know the law").[1]
¶ 9. What defendant disputes is how his probation officer affected that notice. Defendant argues that the officer's statements "eviscerate[d] the clarity in the condition" such that defendant no longer had fair notice of what was required of him. We have established that the directions and instructions of probation officers may serve as fair notice to the probationer. See State v. Hammond, 172 Vt. 601, 602, 779 A.2d 73, 75 (2001) (mem.) (stating that "a defendant may be put on notice as to what may constitute a probation violation merely by the instructions and directions of a probation officer"); State v. Gleason, 154 Vt. 205, 216, 576 A.2d 1246, 1252 (1990) ("The instructions and directions given to a defendant by a probation officer or the court can also serve to provide fair notice.").
¶ 10. We have not yet considered whether a probation officer's statements may remove fair notice already provided through the certificate.[2] We decline to establish whether, as a matter of law, some circumstances exist in which a probation officer's statements may vitiate fair notice because, in this case, we determine that the probation officer's statements were not sufficiently clear and unambiguous as to remove the express notice provided by the probation certificate. Instead, the probation officer's statements were equivocal. At *1104 the violation-of-probation hearing, defendant's probation officer testified:
[Answer]: He had asked me if he could ever use a firearm, and I looked over his charges that he has in our system and asked him if he had any other felonies or anything anywhere else. He said no, and I said, I don't see why you can't. I wasn't aware of the domestic assault.
[Question]: Did you specifically say he could have firearms?
[Answer]: No. I said I don't believe he can't. My opinion-
[Question]: Okay.
[Answer]: -is that he can't.
[Question]: Did you qualify-did you specifically advise whether it was legal for him to possess any firearms with this domestic assault conviction?
[Answer]: No. I told him that, [in] my opinion, you could; but I'm-I'm not an attorney.
Thus, defendant's probation officer made clear that although, in his opinion, defendant could possess a firearm, he was not certain whether firearm possession constituted criminal behavior in defendant's circumstances.
¶ 11. The probation officer's equivocation should have put defendant on notice that he must make further inquiries to ensure he understood the terms of his probation. Defendant acknowledged that he received and understood the conditions of his probation, and he is presumed to know the law-including what conduct qualifies as "engag[ing] in criminal behavior." See Woods, 107 Vt. at 356-57, 179 A. at 2 ("The maxim, 'Ignorantia legis non excusat,' and the corresponding presumption that everyone is conclusively presumed to know the law, are of unquestioned application in Vermont as elsewhere, both in civil and in criminal cases."); cf. Citibank (South Dakota), N.A. v. Dep't of Taxes, 2016 VT 69, ¶ 28, 202 Vt. 296, 149 A.3d 149 (stating that plaintiff "is essentially positing that it should not incur penalties because it was ignorant of the tax law, an untenable defense in any jurisdiction" (citing Woods, 107 Vt. at 356-57, 179 A. at 2 ) ). If the probation officer had definitively informed defendant that he could possess a firearm, then this might be a different case. Likewise, if the probation certificate had not already provided fair notice, we might give the probation officer's instructions different effect. But under these circumstances, we cannot say that the probation officer's equivocal statement of his opinion was sufficient to "eviscerate" the fair notice provided by the express terms of the probation certificate. Accordingly, we find the court did not err in concluding that defendant violated his probation by possessing a firearm in violation of 13 V.S.A. § 4017.
¶ 12. Because the State met its burden to show a violation, the burden of proof shifts to defendant to show his conduct was not "willful" but "resulted from factors beyond his control and through no fault of his own." Coyle, 2005 VT 58, ¶ 8, 178 Vt. 580, 878 A.2d 1062. A probationer's conduct is not willful if it resulted from "accident, mistake, or inadvertence," rather than "intentional conduct." Anderson, 2016 VT 40, ¶ 13, 202 Vt. 1, 146 A.3d 876 (quotation omitted). In other words, defendant has the burden to show that the actions underlying the violation were unintentional. See Benson v. Muscari, 172 Vt. 1, 4, 769 A.2d 1291, 1295 (2001) (concluding that defendant's conduct in violating relief-from-abuse order was willful if "defendant intended to do the act that constituted the violation" and "the violation could not result from a mistake, an accident, or a misunderstanding"). Defendant could not meet that burden here. While he may not have intended to violate his probation, he *1105 intentionally possessed a firearm. We cannot find that the trial court committed error in finding defendant's conduct willful, and we will not disturb its finding.
¶ 13. The dissent presents the case for adopting a doctrine called "entrapment by estoppel" or "due process reliance," an exception to the general rule that ignorance of the law is no excuse. See post, ¶ 17. We have not adopted this doctrine or its variations in past cases. We decline to do so now. Neither of the parties raised or briefed this issue, which makes us wary to adopt it here. See State v. Settle, 141 Vt. 58, 61, 442 A.2d 1314, 1315 (1982) ("[I]n all but a few exceptional instances, matters which are not briefed will not be considered on appeal."). Our reserve is heightened by the fact that its scope and application are by no means settled law, nor has its adoption in state courts been universal. See, e.g., State v. Planck, 289 Neb. 510, 856 N.W.2d 112, 117-18 (2014) (stating Nebraska had not adopted "entrapment by estoppel" defense until 2013 and summarizing different courts' varied treatment of entrapment-by-estoppel doctrine). We are also reluctant to adopt the doctrine here because, given the probation officer's equivocating statements, it is not clear that the officer affirmatively told defendant his gun possession was lawful, which the defense seems to require. See United States v. W. Indies Transp., Inc., 127 F.3d 299, 313 (3d Cir. 1997) (rejecting entrapment-by-estoppel defense because defendants "failed to establish a necessary element of the defense-that government officials told them that their conduct was lawful"). Accordingly, we decline to adopt the defense proposed by the dissent.
Affirmed.

Ignorance of the law may be a defense when knowledge is an element of the crime, which is not the case here. 13 V.S.A. § 4017 (proscribing gun possession without any intent requirement); State v. Witham, 2016 VT 51, ¶ 29, 202 Vt. 97, 147 A.3d 1005 (Robinson, J., concurring) (stating that "ignorance that the law proscribes particular conduct may be a defense if knowledge of the law is an element of the offense in question" (emphasis in original) ); Fanger, 164 Vt. at 53, 665 A.2d at 39 (considering knowledge of law in analysis of "subjective intent" under criminal statute).

We agree with the trial court's observation that "probationers primarily rely on their probation officers for the nuances of their conditions." We also agree, however, that "it is not for the court to weigh the equities of particular circumstances in deciding" a probation violation. Rather, that weighing lies within the State's prosecutorial discretion in deciding whether to pursue a probation violation. See State v. Rooney, 2011 VT 14, ¶ 30, 189 Vt. 306, 19 A.3d 92 (acknowledging that "[v]irtually unlimited prosecutorial discretion in charging decisions is no stranger to our law"); State v. Angelucci, 137 Vt. 272, 283, 405 A.2d 33, 39 (1979) (cautioning against judicial "intrusion" into "executive operations" when reviewing prosecutorial decisions).