VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-052



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2024

State of Vermont v. Anatoly Kishinevski\*    }    APPEALED FROM:
                                            }    Superior Court, Orange Unit,
                                            }    Criminal Division
                                            }    CASE NO. 22-CR-00396
                                                 Trial Judge: Elizabeth D. Mann

In the above-entitled cause, the Clerk will enter:

Defendant appeals the trial court's denial of his motion to modify probation conditions imposed at sentencing.  We affirm as to conditions 101, 103, 104, 107, and 114, and remand conditions 102 and 115 for proceedings consistent with this opinion.[1]

In September 2022, defendant pled guilty to one count of sexually abusing a vulnerable adult.  The factual basis for the plea was that in January 2022, defendant inserted his penis into the anus of the complainant, his former wife, after telling her that he would hurt her.  The complainant has a mental disability related to past trauma for which she receives disability payments in Canada.  Her disability impairs her ability to protect herself from abuse.  At the time of the sexual act, defendant knew that the complainant was incapable of consenting due to fear of retribution.

---

[1]  The day before oral argument in this appeal, defendant filed a motion for sanctions alleging that the State's appellate counsel misrepresented defendant's probation officer's position on settlement discussions in an email to defendant and made various statements in the State's brief that are not supported by the record.  The motion is denied because defendant has not shown that he complied with the safe-harbor provision in Vermont Rule of Civil Procedure 11(c)(1)(A), which states that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  Defendant also filed an ex parte motion to continue oral argument, which the Court denied.  Insofar as defendant has not demonstrated a valid reason to prevent the State or the public from seeing the motion, the motion will be marked as publicly accessible in the electronic case management system.

In January 2023, defendant was sentenced to five-to-twenty years, all suspended with probation except for 363 days, which corresponded to his credit for time served. The court imposed conditions of probation that included the following:

> Condition 101 – You shall participate fully in the Vermont Treatment Program for Sexual Abusers during the course of your unsuspended sentence. Failure to complete said program while incarcerated may result in a violation of your probation.

> Condition 102 – You shall execute releases authorizing your treatment provider(s) to have unrestricted communication with your Probation Officer or designee.

> Condition 103 – You shall not have any contact with your victim/s (including letters, phone calls, tapes, videos, visits, electronically, or any form of contact through a third party), unless approved, in advance and in writing, by your Probation Officer or designee.

> Condition 104 – I will not purchase, possess, or use pornography or erotica. I will not go to adult bookstores, sex shops, topless bars, etc.

> …

> Condition 107 – I will not own, possess or use a camera, recorder, cell phone, or other electronic device that has recording capabilities, without prior permission of my Probation Officer or designee.

> …

> Condition 114 – I will inform all persons with whom I have a significant relationship or close affiliation of my sex offending history. My Probation Officer will determine who shall be informed.

> Condition 115 – I will reside at my approved residence as directed by my assigned Probation Officer or designee.

In April 2023, defendant moved to clarify condition 103 to state that he could represent himself in an annulment proceeding filed by the complainant in Canada. Defendant acknowledged that his probation officer had written letters stating that he had permission to represent himself in the proceeding, but felt they were insufficient. The court denied the motion. Defendant filed a motion for reconsideration, which the court denied in May 2023.

In September 2023, defendant again moved to modify condition 103 to allow him to communicate with the complainant's counsel and to "attempt to make peace between husband and wife." He also moved to modify or strike the other conditions listed above. He asserted that condition 101 should be stricken because it was impossible for him to comply; conditions 102,

104, and 107 were overly broad; condition 114 was vague and contradictory; and condition 115 was not supported by findings sufficient to support such a broad delegation of authority.

The court held a hearing on defendant's motion over two days in September 2023 and January 2024. On the second day, defendant withdrew his challenge to condition 103. At the conclusion of the hearing, the court denied the motion to modify or strike the other conditions. The court found that condition 101 remained relevant in case defendant was reincarcerated. It found that condition 102 was appropriate because defendant was working with several treatment providers and "it is really critical that everyone has the same base of information to be able to work most efficiently." The court found that conditions 104 and 107 were specifically related to the offense and were appropriate because defendant had recorded a video of the sexual act that was the basis of his conviction. The court likewise concluded that condition 114 was reasonable and appropriate. Finally, the court declined to modify condition 115, concluding that the broad language was necessary to allow the probation office to ensure public safety. It issued a new probation order consistent with these findings. This appeal followed.

The court may modify probation conditions upon request by the defendant. 28 V.S.A. § 253(a). We review the trial court's decision on a motion to modify probation conditions for abuse of discretion. See State v. Bubar, 146 Vt. 398, 405 (1985) (explaining that trial court "has great discretion in setting conditions of probation"); see also 28 V.S.A. § 253(a) (stating court "may" modify probation conditions); Vermont Nat'l Tel. Co. v. Dep't of Taxes, 2020 VT 83, ¶ 55, 213 Vt. 421 (explaining that word "may" in statute indicates discretion). "Since defendant was seeking relief here, he had the burden of demonstrated entitlement to remedy." State v. Whitchurch, 155 Vt. 134, 139 (1990) (quotation omitted). We consider each of the challenged conditions in turn.

I. Condition 101

On appeal, defendant repeats his claim that condition 101, which requires defendant to complete sex-offender programming during the unsuspended portion of his sentence, must be stricken. Defendant argues that the condition is impossible for him to fulfill because he has already served the unsuspended portion of his sentence. See Bubar, 146 Vt. at 405 ("Compliance with probation terms may not be put beyond the probationer's control."). As the trial court explained, this condition does not currently apply to defendant because he is not incarcerated. However, the fact that the condition is contingent does not require it to be stricken. If defendant violates his probation conditions, the court could require defendant to serve any portion of his sentence. 28 V.S.A. § 304(b)(5). At that point, the condition will apply and defendant's completion of the program will be a matter within his control. Cf. State v. Hammond, 172 Vt. 601, 603, 779 A.2d 73, 76 (2001) (mem.) (reversing finding of violation of probation requiring defendant to complete treatment program, in part because defendant was unable to participate in program due to correctional facility's determination of ineligibility). The court therefore did not abuse its discretion in declining to strike this condition.

II. Condition 102

Defendant challenges condition 102, which requires defendant to execute releases allowing his treatment providers to communicate with his probation officer, as an overbroad intrusion into his medical privacy. Defendant's probation officer testified that condition 102 was critical to his ability to supervise defendant's progress in treatment for his sex offense because it

allowed him to communicate with all providers to make sure they were aware of defendant's background and current treatment goals and working in the same direction. The probation officer also testified that defendant would have to sign releases to the Department of Corrections to participate in community-based sex-offender treatment. The court concluded, based on this testimony, that the condition was necessary and appropriate because defendant was working with multiple treatment providers who needed to be able to convey information to the probation officer about the direction defendant was being given and to assist the providers in guiding defendant.

The court's findings are sufficient to demonstrate that a condition requiring releases from providers who are providing sex-offender treatment or other treatment related to defendant's rehabilitation is justified. However, as presently worded, condition 102 is overly broad because it requires defendant to provide releases from any treatment provider—which could be interpreted to include medical or other providers in addition to sex-offense and mental-health treatment—and is not sufficiently tailored to defendant's individual rehabilitative needs. The court's existing findings are not sufficient to justify such a broad intrusion into defendant's medical privacy. If the purpose of the condition is to facilitate cooperation and coordination between the probation officer, defendant's sex-offender treatment team, and any other therapists or providers of treatment related to defendant's offense, the court is capable of crafting a more specific condition to achieve that end. We therefore remand this condition for the court to make specific findings to justify the broader requirement or modify the condition. Cf. State v. Campbell, 2015 VT 50, ¶ 27, 199 Vt. 78 (remanding residency condition because court was capable of giving more precise standards to guide probation officer).

## III. Condition 103

Defendant argues that condition 103, which prohibits him from contacting the complainant without advance written permission from his probation officer, must be modified to state that he is allowed to represent himself in the Canadian annulment proceeding. Defendant expressly waived his objection to this condition below. He has therefore relinquished his right to challenge it on appeal, and we do not consider his argument. See State v. Morse, 2019 VT 58, ¶ 7, 211 Vt. 130 (explaining that party who invites error waives right to challenge it on appeal); cf. State v. Spooner, 2010 VT 75, ¶ 19, 188 Vt. 356 (holding party who agrees to admission of evidence waives right to review trial court's ruling on appeal).

## IV. Condition 104

Next, defendant seeks to strike condition 104, which restricts his access to pornography, arguing that it is overbroad and unrelated to his rehabilitation. "Vermont's probation statute makes it clear that a court cannot prohibit a probationer from engaging in lawful behavior unless the prohibition relates to the defendant's rehabilitation or public safety." State v. Lumumba, 2018 VT 40, ¶ 32, 207 Vt. 254. "If the court imposes a condition that prohibits the defendant from engaging in legal behavior, the condition must be reasonably related to the offender's rehabilitation or necessary to reduce risk to public safety." Id. (quotation omitted). Specifically, "a sentencing court must provide at least some support on the record for imposing a probation condition restricting a defendant's use of pornography, even when the defendant was convicted of a sex offense." Id. ¶ 34. In Lumumba, we struck a condition similar to condition 104 because the record did not show that the defendant's conviction of sexual assault of an adult was related to pornography or that his individual history or behaviors supported the condition. Id. ¶¶ 36-37.

Here, by contrast, the offense for which defendant was convicted involved defendant filming a video of himself engaging in nonconsensual anal sex with the complainant. The complainant and a prior girlfriend of defendant's stated to investigators that defendant routinely made videos of their sexual interactions for his own gratification. This record supports the court's determination that the condition was necessary to protect the public and ensure defendant's successful completion of treatment. Unlike in Lumumba, the condition was not based on conclusory assertions about the relationship between possession of pornography and sex offenses, but rather on defendant's individual offense and background. It is reasonably related to the crime and not "unnecessarily harsh or excessive." State v. Moses, 159 Vt. 294, 298 (1992) (quotation omitted).

## V. Condition 107

For similar reasons, we reject defendant's challenge to condition 107, which requires him to obtain permission before acquiring electronic recording devices. The probation statute expressly allows the court to prohibit or limit a defendant's access to computers or electronic devices when such a condition is reasonably related to the offender's rehabilitation or necessary to reduce risk to public safety. 28 V.S.A. § 252(b)(18). Defendant admits that "[t]his case involved a video recording of a sexual act between a husband and wife, who for a majority of their relationship included the activity of recording themselves as part of their personal and intimate relationship." He has been accused of similar nonconsensual behavior by a previous partner.[2] Condition 107 is reasonably related to defendant's rehabilitation. Furthermore, it is not a complete prohibition because defendant can seek permission to obtain devices and conceded at trial that his probation officer had granted his requests so far. It is therefore not a greater restriction on defendant's liberty than necessary. See United States v. Lacy, 877 F.3d 790, 794 (8th Cir. 2017) (holding that condition prohibiting defendant convicted of receiving and distributing child pornography from using or possessing any device with internet connection was not "greater deprivation of liberty than reasonably necessary" because restriction was related to crime and was not complete ban (quotation omitted)).

## VI. Condition 114

Defendant asserts without elaboration that condition 114, which requires him to inform significant others of his offending history, must be stricken because it is inconsistent and vague. As with condition 103, defendant appears to have withdrawn his challenge to this condition during the hearing below. In addressing condition 114, the court explained that "there is a long history of reasonable interpretation of this provision" and found that "it is entirely appropriate." The court stated that the probation officer would have to determine on a case-by-case basis whether defendant was obligated to inform a person of his history, but that defendant would not be obligated to tell people with whom he did not have a significant relationship or intent to develop a sexual relationship. Defendant responded, "Your Honor, I will submit to the court's discretion on this topic," and later stated, "I won't take any more of the court's time on this topic." These statements can reasonably be interpreted as a withdrawal of defendant's challenge

---

[2] While defendant objects that the State did not prove that he recorded nonconsensual sexual acts, this was because defendant entered into a plea agreement. "It would be wholly inappropriate to ground relief on the failure of the record to show a sufficient connection between the offense and the probation condition where defendant's agreement to the probation condition caused the absence of a record." Whitchurch, 155 Vt. at 139.

to the condition. However, even if defendant did not withdraw his challenge below, his argument on appeal is inadequately briefed and we therefore will not consider it. See Spooner, 2010 VT 75, ¶ 19; In re Snyder Grp., Inc., 2020 VT 15, ¶ 26 n.10, 212 Vt. 168 ("Absent extraordinary circumstances that do not exist here, this Court will not consider even constitutional arguments that are inadequately briefed.").

## VII. Condition 115

Finally, defendant argues that condition 115, which requires defendant to live where directed by his probation officer, must be stricken because it is an overbroad delegation of authority to the probation officer. The State concedes that this condition is not supported by sufficient findings as required by this Court's decisions in State v. Cornell, 2016 VT 47, ¶¶ 8-13, 202 Vt. 19, and prior cases. We therefore strike this condition and remand for the trial court to provide additional justification for the condition, modify it, or remove it. See id. ¶ 13.

Affirmed as to conditions 101, 103, 104, 107, and 114. Remanded as to conditions 102 and 115 for proceedings consistent with this opinion.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice